# EXHIBIT 1

## RELEASE AND RELINQUISHMENT AGREEMENT

This **Release and Relinquishment Agreement** ("Agreement") is entered into as of July 27, 2011 (the "Effective Date") by and between Louis O. Gonzalez (the "Insured"), Iris Gonzalez ("Beneficiary"), the Louis Gonzalez Irrevocable Trust (the "Trust") and Imperial Premium Finance, LLC, a Florida limited liability company, and its affiliates, successors and/or assigns and with a principal address at 701 Park of Commerce Blvd., Ste. 301, Boca Raton, FL 33487 (the "Lender") (individually a "Party" and collectively the "Parties"). All capitalized terms not defined herein shall have the meaning ascribed in the Loan Application & Agreement.

WHEREAS, Rick Stubbs and Bank of Utah are the Trustees of the Trust (each, a "Trustee") and is authorized to execute this Agreement on behalf of the Trust;

WHEREAS, Trust and Lender entered into that certain Loan Application & Agreement and that certain Promissory Note, dated as of December 06, 2010 (collectively, the "Loan Agreement"), as well as related documents (the "Loan Documents"), whereby Lender agreed to provide financing for the premium payments for John Hancock Life Insurance Company policy number 93 824 118 insuring the life of the Insured (the "Policy");

WHEREAS, Lender will accept ownership of the Policy in exchange for a release of the Trust's obligation's to pay the amounts due under the Loan Documents or any other party's obligation, including, but not limited the Insured's obligation, to pay pursuant to any related guaranty as further set forth in the terms and conditions herein;

NOW, THEREFORE, in consideration of the foregoing, the Parties agree as follows:

1. The Insured, the Beneficiary and the Trust represent and warrant to the Lender that:

    (i) all representations made in the Loan Documents and signed by the respective Parties remain true, complete and correct;

    (ii) neither the Trust, Insured nor Beneficiary have received any notice from any other party of any inaccurate statement or misrepresentation, or violation of a term or condition, contained in the application made by the Insured for the Policy or any violation of any term, condition or provision of the Policy, including without limitation, any notice of a rescission or cancellation of the Policy, or a lapse of the Policy; and

    (iii) there is no decree, judgment, order, litigation at law or in equity, arbitration proceeding or proceeding before or by any commission, agency or other administrative or regulatory body or authority pending, or to the knowledge of the Trust, Insured or Beneficiary threatened, to which the Trust or the Trustee is a party or to which the Policy is subject or which could have an adverse effect on the Policy, and there is no basis for any other claim, litigation or proceeding;

    (iv) there is no investigation by any commission, agency or other administrative or regulatory body or authority pending, or to the knowledge of the Trust, Insured or Beneficiary threatened, which is related to the Policy, nor is there any basis for any such investigation.

2. In consideration of the foregoing, the Insured and Beneficiary further represent and warrant to Lender the following:

   (a) the Insured and Beneficiary are competent and have the full legal capacity to perform the relinquishment contemplated herein;
   (b) the Insured and Beneficiary had the opportunity to consult with and obtain advice and assistance from legal, financial, insurance and tax professionals, and to be represented by counsel prior to and in the execution of this Agreement; and
   (c) the Insured and Beneficiary have entered into this Agreement freely and voluntarily and without coercion, duress or undue influence.

3. Following execution of this Agreement, the Trustee shall execute such documents on behalf of the Trust, including a change of ownership form, as may be necessary to convey legal and beneficial ownership of the Policy to the Lender or its designee and deliver such documents to the Lender promptly upon request. Notwithstanding the foregoing, the Trust and the Lender agree that as a condition to the effectiveness of this Agreement, the Trust agrees to hold record, but not beneficial, title to the Policy until Lender notifies the Trustee in writing as to transfer of record ownership. During that time period, in the Lender's sole discretion, the Policy shall either be offered for sale, assigned or held on behalf of the Lender by the Trust as record owner, and as directed by Lender in writing. Other than being the record owner, the Trust shall not exercise any incidences of ownership over the Policy absent the express written consent of the Lender and shall continue to hold the Policy free and clear of any lien or encumbrance. Within three (3) business days of the receipt of a written request from the Lender, the Trust agrees to execute any and all necessary documents required to secure the Lender's interest in the Policy, to be held in Trust until such time as Lender directs.

4. In exchange for the Insured and the Beneficiary's agreement to relinquish all interest in the Trust and the Policy, Lender hereby releases and covenants not to sue or bring any legal action against the Trust, the Trustee, Insured or the Beneficiary with regard to any amounts due under the Loan Documents. Notwithstanding the foregoing, the Insured and Beneficiary understand all other obligations (i.e., representations and warranties and indemnities for any breach thereof) under the Loan Documents of the Insured, Beneficiary and Trust remain in full force and effect.

5. The Insured and the Beneficiary understand and acknowledge that, as a result of each's execution of this Agreement, each of the Insured and Beneficiary are relinquishing any and all right and claim to any proceeds that could be derived from or through the Policy, regardless of the source, including, but not limited to, from the sale, assignment or holding of the Policy or from proceeds arising from a death benefit from the Policy, if any.

6. In addition, the Insured and the Beneficiary, individually and collectively, release and covenant not to sue or bring any legal action against the Lender, any of Lender's affiliates, the Trust and the Trustee with respect to any claims or causes of action whatsoever, and agree to not raise any defenses with regard to any actions taken by the Lender or any affiliates as are

permitted hereunder. The Insured and Beneficiary specifically release any claim to any proceeds related to the Policy from whatever source, including, but not limited, from the sale, assignment or holding of the Policy or from proceeds arising from a death benefit from the Policy, if any.

7.  The Insured and the Beneficiary have disclosed or caused to be disclosed to Lender all health and medical information requested by Lender about the Insured, and the Insured and Beneficiaries have not altered, changed or withheld any health and medical information requested by Lender about the Insured or failed to disclose the name of any doctor, physician, hospital or other health care provider or facility that has any health and medical information requested by Lender about the Insured.

8.  The Insured and the Beneficiary agree to continue to cooperate with Lender and execute all documents requested in connection with securing the Lender's interest in the Policy, including but not limited to: (i) the Insured shall continue to provide all updated medical information when and as requested; and (ii) the Insured and the Beneficiary shall execute all documents relating to the sale of the Policy immediately upon the receipt of a written request for execution from Lender.

9.  In addition, the Insured, the Trust and the Beneficiary further agree to waive any and all applicable notice or timeframe requirements with respect to the relinquishment or any actions taken by the Lender hereunder.

10. The Insured, the Beneficiary and the Trust understand and acknowledge that a material failure to perform by the Insured, the Beneficiary or the Trust or any party hereunder shall be a breach of this Agreement and each of them acknowledges that the Lender shall be permitted to pursue any and all legal and equitable remedies under this Agreement and the underlying Loan Documents as a result of any such material breach.

11. This Agreement may be executed in multiple counterparts, and via facsimile, each of which shall be deemed to be an original, but all of which together shall constitute one and the same instrument.

12. This Agreement shall be construed and governed in accordance with the laws of the State of Florida, without regard to conflict of laws principles. The Insured, the Beneficiary and the Trust agree that the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County, Florida shall have exclusive jurisdiction to hear and determine any claims or disputes between the parties arising out of or related to this Agreement, unless federal jurisdiction is available, in which case the Southern District of Florida, West Palm Beach Division, shall have exclusive jurisdiction to determine any claims or disputes arising out of or related to this Agreement. The Insured, the Beneficiary and the Trust expressly submit and consent in advance to such jurisdiction in any action or suit commenced in such court, and each party hereby waives any objection that it may have based upon lack of personal jurisdiction, improper venue or *forum non conveniens*. **IN THE EVENT OF ANY LITIGATION PROCEEDINGS AND TO THE EXTENT PERMITTED BY LAW, EACH OF THE PARTIES HEREBY KNOWINGLY AND WILLINGLY WAIVES AND SURRENDERS SUCH PARTY'S RIGHT TO TRIAL BY JURY AND AGREES THAT SUCH LITIGATION SHALL BE TRIED TO A JUDGE**

SITTING ALONE AS THE TRIER OF BOTH FACT AND LAW, IN A BENCH TRIAL, WITHOUT A JURY.

IN WITNESS WHEREOF, the parties have executed this Agreement effective as of the date specified above.

Trust: Louis Gonzalez Irrevocable Trust

By:_____
     Rick Stubbs, Trustee

Trust: Louis Gonzalez Irrevocable Trust

By: Bank of Utah, Trustee
Signature: _____
Print Name: _____Michael Hoggan_____
Title: _____Vice President_____

Louis O. Gonzalez

Signature: _____

Iris Gonzalez

Signature: _____

Imperial Premium Finance, LLC

Signature:_____
Print Name:_____
Title:_____

**SITTING ALONE AS THE TRIER OF BOTH FACT AND LAW, IN A BENCH TRIAL, WITHOUT A JURY.**

IN WITNESS WHEREOF, the parties have executed this Agreement effective as of the date specified above.

**Trust: Louis Gonzalez Irrevocable Trust**

By: _/s/ Richard "Rick" Stubbs, Trustee_
Rick Stubbs, Trustee

**Trust: Louis Gonzalez Irrevocable Trust**

By: Bank of Utah, Trustee
Signature: _____
Print Name: _____
Title: _____

**Louis O. Gonzalez**

Signature: _____

**Iris Gonzalez**

Signature: _____

**Imperial Premium Finance, LLC**

Signature: _/s/_
Print Name: Jonathan Neuman
Title: President