UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:15-cv-23370-UU

WILMINGTON TRUST, N.A.,
as Securities Intermediary,

     Plaintiff,

v.

ESTATE OF LOUIS O. GONZALEZ,
successor in interest to the late LOUIS
O. GONZALEZ, LISA RAMOS, LESLIE
SMITH and LISSETTE NUNEZ

     Defendants.
_____/

## DEFENDANT ESTATE'S MOTION TO DISMISS COMPLAINT AND MEMORANDUM OF LAW

Defendant, ESTATE OF LOUIS O. GONZALEZ, successor in interest to the late LOUIS O. GONZALEZ ("Estate"), pursuant to Fed.R.Civ.P. 12(b)(6), hereby files its Motion to Dismiss Complaint and Memorandum of Law and states the Complaint fails to state a claim upon which relief can be granted for breach of contract and specific performance as no breach is alleged as a matter of law. In support, the Estate states as follows:

### I.    COMPLAINT'S ALLEGATIONS

This is an action against the Estate for breach of contract, seeking damages and specific performance, arising out of a Release and Relinquishment Agreement ("Relinquishment Agreement" or "Agreement") between Louis O. Gonzalez, Iris Gonzalez, the Louis Gonzalez Irrevocable Trust ("Trust") and Imperial Premium Finance, LLC ("Imperial").

It is alleged that on June 18, 2008, the Trust purchased a $10 million life insurance policy from John Hancock Life Insurance Company ("Insurer") on the life of Mr. Gonzalez. *See* Complaint, ¶ 5, D.E. 1. It is further alleged that while the Trust was the owner and beneficiary of

the Policy, Mrs. Gonzalez, who has also passed away, was the beneficiary of the Trust. *Id.* at ¶ 6. The Complaint alleges that the Trust obtained a premium finance loan in the amount of $662,257.49 from Imperial, which matured on September 18, 2011. *Id.* at 7. Plaintiff alleges that the Trust and Mr. and Mrs. Gonzalez chose to satisfy their obligations under the loan by tendering the Policy to Imperial via the Relinquishment Agreement, which is attached as Exhibit "1" to the Complaint. *Id.* at ¶13. The Agreement states that the Gonzalezes relinquished any and all right and claim to any proceeds that could be derived from or through the Policy. *See* Exhibit "1" to Complaint, ¶ 6. Plaintiff vaguely alleges that it became the sole owner and beneficiary of the Policy "[a]fter a number of commercial transactions." *See* Complaint, ¶ 16. No documents regarding these purported "commercial transactions" are attached or otherwise discussed.

The Complaint alleges that Mr. Gonzalez died on June 18, 2015. *Id.* at ¶ 18. Thereafter, Plaintiff alleges that it submitted a claim to the Insurer but has not been paid the death benefits. *Id.* at ¶ 19. Plaintiff alleges that the Estate interfered with its rights to collect the death benefits from the Insurer through two letters and attached those letters as Exhibits "3" and "4" to its Complaint. It is these letters which are the basis for Plaintiff's breach of contract claim. These letters from the Estate's attorney merely seek information from the Insurer and do not constitute a breach of the Agreement. Specifically, the July 16, 2015 letter states, in relevant part, as follows:

> Please be advised that the undersigned represents the Estate of Louis O. Gonzalez. We are in the process of opening an estate administration in the Florida probate court and will forward copies of the Letters of Administration when issued.
>
> It is our understanding that there may be a claim on the above referenced policy. We hereby request that you do not take any action on the claim or make any payment of benefits without first notifying the undersigned and providing full information regarding the policy, the beneficiaries, and any assignment of the policy.

*See* Exhibit 3 to Complaint, D.E. 1-8, p.2.

Similarly, the August 3, 2015 letter from the Estate's counsel also merely seeks information from the Insurer. It provides the Letters of Administration to the Insurer and states: "Please provide all details of the insurance policy held by the decedent; the names of all beneficiaries listed on the life insurance policy; and the name of the party that has filed a claim." *See* Exhibit "4" to Complaint, D.E. 1-9.

Plaintiff alleges that due to the July 17, 2015 letter from the Estate's counsel, the Insurer advised that it could not make payment to any party under the Policy. *Id.* at ¶ 20. As more fully discussed below, Plaintiff's Complaint fails to state a claim upon which relief can be granted because it fails to allege any "breach" of the Relinquishment Agreement as a matter of law.

## II.     LEGAL DISCUSSION

### A.     Standard for Motion to Dismiss

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *See Ashmore v. Federal Aviation Administration,* 2011 WL 3915752, *1 (S.D. Fla. 2011), *citing Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1949 (2009). A complaint must contain more than labels and conclusions and a formulaic recitation of the elements of a cause of action will not suffice. *Id.* To meet this "plausibility standard", a plaintiff must plead factual content that allows the court to draw reasonable inference that the defendant is liable for the misconduct alleged. The mere possibility the defendant acted unlawfully is insufficient to survive a motion to dismiss. *Id.*

The tenet that a court must accept as true all of the allegations contained in the complaint does not apply to legal conclusions. Thus, courts must first eliminate any allegations in the complaint that are merely legal conclusions. Then, where there are well-pleaded factual

allegations, the court must assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. The courts may infer from the factual allegations in the complaint obvious alternative explanations which suggest lawful conduct rather than the unlawful conduct the plaintiff would ask the court to infer. *See Mattison v. Homecomings Financial, LLC.*, 2012 WL 279447, *2 (M.D. Fla. 2012), *citing Ashcroft,* 129 S.Ct. at 1950-52.

Further, pursuant to Fed.R.Civ.P. 10(c), "[a] copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes." Where there is a conflict between allegations in a pleading and the attached exhibits, it is well settled that the exhibits control. Where the exhibits reveal facts which foreclose recovery as a matter of law, dismissal of the complaint is appropriate. *See Griffin Industries, Inc. v. Irvin,* 496 F.3d 1189 (11th Cir. 2007).

### B. Plaintiff fails to allege that the Estate breached the Relinquishment Agreement as a matter of law.

In Count I of its Complaint, Plaintiff attempts to allege a breach of contract claim against the Estate. It alleges that the Relinquishment Agreement required the Gonzalezes and the Trust to (1) surrender, transfer and assign to the Lender and/or its assignee every right, title and interest in the Policy; (2) waive any claim to any proceeds from the Policy; and (3) fully cooperate with Lender, its affiliates, successors and/or assignees. *See* Complaint, ¶ 24.

Plaintiff further alleges that the Estate breached the Agreement by (1) attempting to claim an interest in the Policy, (2) attempting to claim a right to the proceeds under the Policy, and (3) refusing to cooperate with Wilmington Trust's and White Eagle's requests. *Id.* at ¶ 25.

In fact, Plaintiff's own exhibits contradict the above allegations. First, Plaintiff's attempts at paraphrasing the Agreement results in misrepresentations of the terms of the Agreement. For example, Plaintiff's allegation that the Gonzalezes and the Trust had to fully

cooperate with the Lender is much broader than the actual language of the Agreement. In fact, the Agreement in paragraph 8 states:

> The Insured and the Beneficiary agree to continue to cooperate with Lender and execute all documents requested in connection with securing the Lender's interest in the Policy, including but not limited to: (i) the Insured shall continue to provide all updated medical information when and as requested; and (ii) the Insured and the beneficiary shall execute all documents relating to the sale of the Policy immediately upon the receipt of a written request for execution from Lender.

*See* Exhibit "1" to Complaint, D.E. 1-6, p.3.

More significantly, however, the letters that Plaintiff attaches as exhibits to the Complaint and relies upon as evidence of a breach, do not reflect that the Estate was claiming any interest in the Policy or its proceeds, at this time. Its attorney, as he was required to do on behalf of the Estate and the personal representatives, was merely seeking information from the Insurer regarding the Policy, the beneficiaries, and any assignment of the Policy. Florida statutes impose a fiduciary duty upon the personal representative to marshal and preserve the assets of the estate for distribution. *See* §§ 733, 602, 733.607, Fla. Stat.; *Markowitz v. Merson,* 869 So.2d 728 (Fla. 4th DCA 2004). Further § 733.607(1) states that "[t]he personal representative shall take all steps reasonably necessary for the management, protection, and preservation of the estate until distribution and may maintain an action to recover possession of property or to determine the title to it."

Thus, in sending the foregoing letters, the Defendants' attorney was complying with his clients' obligations to determine which property may possibly belong to the estate and to preserve the property until distribution. Certainly, such statutorily imposed conduct of merely seeking information does not amount to a breach of the Agreement.

Moreover, the letters do not constitute a breach of paragraph 8 of the Agreement, which required cooperation with regard to providing medical information regarding Mr. Gonzalez and

executing all documents relating to the sale of the Policy. Accordingly, Plaintiff's own exhibits contradict its allegations that the Estate breached the Agreement.

Further, because the letters were written in connection with the probate proceeding (Case No. 15-3086), they are subject to Florida's very broad litigation privilege and cannot form the basis for Plaintiff's breach of contract action. In *Echevarria, McCalla, Raymer, Barrett & Frappier v. Cole,* 950 So.2d 380 (Fla. 2007), the Florida Supreme Court held that the litigation privilege applies to all causes of action, stating:

> The litigation privilege applies across the board to actions in Florida, both to common-law causes of action, those initiated pursuant to a statute, or of some other origin. 'Absolute immunity must be afforded to any act occurring during the course of a judicial proceeding…so long as the act has some relation to the proceeding.'

*Id.* at 384(applying litigation privilege to reinstatement letters sent at the outset of foreclosure proceedings). The litigation privilege also applies to acts which are preliminary to judicial proceedings. *See Pledger v. Burnup & Sims, Inc.,* 432 So.2d 1323 (Fla. 4th DCA 1983). Thus, even though the July 16, 2015 letter was written 12 days before the Letters of Administration were entered by the Probate Court, the act is still protected by the litigation privilege.

In Count II of its Complaint, Plaintiff seeks the remedy of specific performance for the Estate's alleged breach of the Relinquishment Agreement. They seek an Order instructing the Estate to notify the Insurer that (1) the Estate withdraws the two letters sent by its attorneys and that (2) the Estate is not claiming any interest or right to the Policy's death proceeds. *See* Complaint, ¶ 30. This count likewise fails to state a claim because specific performance is merely an alternative remedy to damages for breach of contract. *See DePrince v. Starboard Cruise Services, Inc.,* 163 So.3d 586 (Fla. 3d DCA 2015). Thus, where there has been no breach, as is the case here, the remedy of specific performance is not available.

WHEREFORE, based on the foregoing, Defendant, Estate of Louis O. Gonzalez, respectfully requests that the Court grant its Motion to Dismiss and dismiss Plaintiff's Complaint with prejudice.

Respectfully submitted,

HALL, LAMB AND HALL, P.A.
2665 South Bayshore Drive, PH1
Miami, Florida 33133
Ph: 305-374-5030
Fax: 305-374-5033
mleto@hlhlawfirm.com
enovoseletsky@hlhlawfirm.com

By: /s/ Matthew P. Leto
    MATTHEW P. LETO
    FBN: 014504
    ELLEN NOVOSELETSKY
    FBN: 0147613

### CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true and correct copy of the forgoing was served via ECF on all counsel of record this 2nd day of October, 2015:

Jesus E. Cuza
Jesus.cuza@hklaw.com
Anna Marie Hernandez
Annie.hernandez@hklaw.com
HOLLAND & KNIGHT, LLP
701 Brickell Avenue
Suite 3300
Miami, FL 33131

Philip E. Rothschild
Phil.Rothschild@hklaw.com
HOLLAND & KNIGHT, LLP
515 E. Las Olas Blvd.
Suite 1200
Fort Lauderdale, FL 33301

/s/ Matthew P. Leto
MATTHEW P. LETO
