UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 15-23370-CIV-OTAZO/REYES

WILMINGTON TRUST, N.A.,
as Securities Intermediary,

Plaintiff,

vs.

ESTATE OF LOUIS O. GONZALEZ,
Successor in interest to the late Louis O. Gonzalez;
LISA RAMOS,
LESLIE SMITH, and
LISSETTE NUNEZ,

    Defendants.
_____/

## PLAINTIFF'S MOTION TO COMPEL DISCOVERY

Plaintiff, pursuant to Rule 37(a)(3)(B)(iv) of the Federal Rules of Civil Procedure, moves for the entry of an Order compelling Defendant Estate of Louis O. Gonzalez (the "Estate") to produce the information requested in Plaintiff's request for the production of documents. The grounds for this Motion are:

### I.    INTRODUCTION

The Court entered summary judgment in favor of Plaintiff as to the Estate's liability on Count I of Plaintiff's Complaint, which was for breach of contract [ECF No. 82]. The Court also ruled that Plaintiff is entitled to recover from the Estate "damages,[1] accrued interest, and

---

[1] The damages to which the Court referred is the $10 million dollars that the insurer did not pay to Plaintiff as a result of the Estate's breach of contract. In entering summary judgment in favor of Plaintiff on Count II, the Court noted that the Estate's liability for the $10 million would be reduced by any amount that the insurer paid to Plaintiff subsequent to the entry of summary judgment [ECF No. 82, p. 22]. The insurer ultimately paid the entirety of the $10 million to Plaintiff.

attorneys' fees." The Estate has stipulated that Plaintiff also is entitled to recover prejudgment interest in connection with those categories of damages [ECF No. 86, pp. 10-11 (¶¶4-7), pp. 13-14].

The issue of the quantification of Plaintiff's damages – that is, the amount of "accrued interest" and attorneys' fees that Plaintiff is entitled to recover from the Estate, as well as the dates from which the mandatory prejudgment interest will run – was tried to the Court (sitting without a jury) on January 11, 2017 [ECF No. 106]. At the conclusion of the live testimony, and after hearing argument on various issues, the Court – upon request of the Estate – permitted the Estate to take discovery from Plaintiff. Specifically, the Court ordered Plaintiff to provide the Estate with unredacted copies of Plaintiff's attorneys' fees invoices rendered through January 11, 2017, and gave the Estate leave to depose counsel for Plaintiff regarding the basis of the attorneys' fees invoices [ECF No. 106, pp. 79-80; ECF No. 99].

Shortly after the trial, Plaintiff propounded upon the Estate a request for the production of documents (the "Request"). A copy of the Request is attached as Exhibit 1. The Request was propounded pursuant to Rule 69(a)(2) of the Federal Rules of Civil Procedure, which provides that "[i]n the aid of judgment or execution, the judgment creditor . . . may obtain discovery from any person – including the judgment debtor – as provided in these rules . . . ."[2] Stated generally, the Request seeks information regarding the Estate's assets, the location of those assets, the movement of those assets, and whether any of Mr. Gonzalez's assets have not been included in the Estate.

The Estate objected to each request on the basis that the discovery deadline has passed and that discovery under Rule 69(a)(2) is premature. The Estate also asserted some boilerplate

---

[2] The Request also refers to Rule 34 because that is the method for obtaining documents from a party "as provided in these rules."

objections to some of the requests. A copy of the Estate's responses is attached as Exhibit 2. The Estate's objections should be overruled, and the Estate should be compelled to produce the information sought in the Request.

## II. ARGUMENT

**A.   The Pretrial Discovery Deadline Does Not Apply To Discovery Under Rule 69(a)(2), And The Request Is Not Premature.**

The Estate asserted the same objection to each individual request:

> Defendant objects to this request as it was made outside of the discovery cutoff identified in this Court's scheduling order.[3] Moreover, this request improperly seeks financial information in aid of execution, which is irrelevant and premature as no judgment has been entered in this case. *See e.g. Auto-Owners Ins. Co. v. Se. Floating Docks, Inc.*, 231 F.R.D. 426, 430 (M.D. Fla. 2005).

Each aspect of this objection should be overruled.

With respect to the first aspect, the discovery permitted by Rule 69(a)(2) will always be propounded after the close of pretrial discovery. The deadline for completing discovery in this action was May 27, 2016, and the deadline for filing motions for summary judgment was June 3, 2016 [ECF Nos. 21, 36]. The Estate's contention that discovery in aid of a judgment was required to be served before motions for summary judgment were due to be filed is silly. The Estate's position, if accepted, would mean that Plaintiff is forever precluded from seeking the discovery expressly permitted by Rule 69(a)(2). There simply is no support for such a result.

With respect to the second aspect, the Estate is incorrect when it says that "no judgment has been entered in this case." Summary judgment was entered in favor of Plaintiff as to (1)

---

[3] This portion of the Estate's objection is curious in light of the fact that after trial concluded – which was long after the period for conducting fact discovery ended – the Estate sought and received permission to depose counsel for Plaintiff regarding attorneys' invoices that were generated during the discovery period.

3

liability for the Estate's breach of contract, and (2) Plaintiff's entitlement to recover from the Estate "damages, accrued interest, and attorneys' fees."

So, although a final judgment quantifying Plaintiff's recovery and upon which Plaintiff can execute has not yet been entered, summary judgment as to liability and entitlement to damages has been entered. That Plaintiff does not currently have a final judgment upon which it can execute is of no consequence because Rule 69(a)(2) is not limited to discovery in aid of execution, as the Estate seems to believe ("Moreover, this request improperly seeks financial information in aid of execution . . . ."). Instead, Rule 69(a)(2) permits discovery "[i]n aid of the judgment *or* execution" (emphasis added). The Request permissibly seeks discovery in aid of the summary judgment that was entered in favor of Plaintiff and against the Estate.

The Estate's reliance on *Auto-Owners Ins. Co. v. Se. Floating Docks, Inc.*, 231 F.R.D. 426 (M.D. Fla. 2005) is misplaced because no judgment had been entered in that case. Indeed, the plaintiff (the party that propounded the discovery) was still looking to add parties to the action, *see id.* at 430, and the defendants' motions to dismiss and for summary judgment had been denied. *See Auto-Owners Ins. Co. v. Se. Floating Docks, Inc.*, 2005 WL 1705495 (M.D. Fla. July 20, 2005). Put simply, it is unclear why the issue of discovery in aid of execution was even raised in *Auto-Owners*.

The bottom line is that the Estate cites no authority – and Plaintiff is not aware of any – providing that discovery in aid of a judgment under Rule 69(a)(2) is "premature" when (a) the court has entered summary judgment as to the defendant's liability and the plaintiff's entitlement to damages, (b) the trial to quantify the winning party's damages has concluded, and (c) the party resisting discovery is, itself, taking discovery. The Estate's objections should be overruled.

**B.      The Estate's Additional Boilerplate Objections To Request Nos. 3 Through 8 Should Be Overruled.**

Request Nos. 3 through 8 relate, in varying degrees, to the "Trust." The Request defines the "Trust" as "the Louis O. Gonzalez Intervivos Revocable Trust Agreement date[d] April 8, 2002, as amended, including any other amendments or restatements of the Trust, as well as all present and former trustees and beneficiaries, all other persons purporting to act (or to have acted) on its behalf, and all property held by the Trust."

The Estate objected to Request Nos. 3 through 8 for the reasons just discussed – that the pretrial discovery period has ended and discovery under Rule 69(a)(2) is premature. The Estate also raised additional objections to Request Nos. 3 through 8. Those additional objections should be overruled.

*Request No. 3*

> All documents relating to the creation, establishment, and funding of any trust, including the Trust, by Louis Gonzalez.
>
> Response: Defendant objects to this request as it was made outside of the discovery cutoff identified in this Court's scheduling order. Moreover, this request improperly seeks financial information in aid of execution, which is irrelevant and premature as no judgment has been entered in this case. *See e.g. Auto-Owners Ins. Co. v. Se. Floating Docks, Inc.*, 231 F.R.D. 426, 430 (M.D. Fla. 2005). Finally, this request is not limited as to the requested timeframe and is therefore, overbroad.

The Estate objects on the basis of timeframe and overbreadth, but does not explain why it would be necessary to limit the request to a specific timeframe or why, as written, the request is overbroad. This objection should be overruled because it is precisely the type of boilerplate objection that violates Local Rule 26.1(e)(2)(A). *See* L.R. 26.1(e)(2)(A) ("Where objection is made . . . to any production request under Federal Rule of Civil Procedure 34, the objection shall state with specificity all grounds."); *Guzman v. Irmadan*, 249 F.R.D. 399, 400 (S.D. Fla. 2008)

5

("Parties shall not make nonspecific, boilerplate objections. Such objections do not comply with [Local Rule 26.1(e)(2)(A)] . . . . Objections which state that a discovery request is 'vague, overly broad, or unduly burdensome' are, by themselves, meaningless, and deemed without merit by this Court. A party objecting on these bases must explain the specific and particular ways in which a request is vague, overly broad, or unduly burdensome."); *Thermoset Corp. v. Building Materials Corp. of America*, 2014 WL 6473232 at *3 (S.D. Fla. Nov. 18, 2014) (overruling "boilerplate objection[ ] that a request is ' . . . not limited in time and scope'" because "Defendants [ ] made no attempt to explain how the particular request is overly broad and not limited in time or scope").

The Estate's objections should be overruled, and the Estate should be compelled to produce the information sought in this request.

### *Request No. 4*

> All documents relating to any prior versions of, or amendments to, the Trust.
>
> Response: Defendant objects to this request as it was made outside of the discovery cutoff identified in this Court's scheduling order. Moreover, [it] seeks information that is irrelevant as it is not directed to the issues framed by the pleadings.

The Estate's boilerplate objection as to relevance should be overruled because the Estate does not explain, with any degree of specificity, why the information sought in the request is supposedly irrelevant. *See* L.R. 26.1(e)(2)(A); *Guzman*, 249 F.R.D. at 400; *Thermoset Corp.*, 2014 WL 6473232 at *3. Additionally, the Estate is wrong on the issue of relevance.

By operation of §736.0602(1), Florida Statutes, Mr. Gonzalez (as settlor) was permitted to amend or revoke the Trust at any time because the terms of the Trust did not expressly provide that it was irrevocable. However, §§736.0601 and 732.501, Florida Statutes, require the settlor to be of sound mind in order to amend his/her revocable trust. Through this request, Plaintiff seeks information that will show whether there are any prior versions of, or amendments to, the Trust,

6

and, if so, when any such amendments were made. This information is relevant and discoverable because it will assist in revealing (1) whether any amendments were made at a time when Mr. Gonzalez lacked the requisite mental capacity to make amendments, and, (2) if any amendments were made in close proximity to Mr. Gonzalez's death, whether they constitute a fraudulent transfer under Chapter 726, Florida Statutes.

The Estate's objections should be overruled, and the Estate should be compelled to provide the information sought in this request.

### *Request No. 5*

> All documents relating to any assets transferred, devised, given, or provided to any trust, including the Trust, from the Estate.
>
> Response: Defendant objects to this request as it was made outside of the discovery cutoff identified in this Court's scheduling order. Moreover, this request improperly seeks financial information in aid of execution, which is irrelevant and premature as no judgment has been entered in this case. *See e.g. Auto-Owners Ins. Co. v. Se. Floating Docks, Inc.*, 231 F.R.D. 426, 430 (M.D. Fla. 2005). Additionally, this request is not limited as to the requested timeframe and is therefore, overbroad.

The Estate's boilerplate objections as to timeframe and breadth should be overruled because the Estate does not explain, with any degree of specificity, why it would be necessary to limit the request to a specific timeframe or why, as written, the request is overbroad. *See* L.R. 26.1(e)(2)(A); *Guzman*, 249 F.R.D. at 400; *Thermoset Corp.*, 2014 WL 6473232 at *3. The Estate's objection should be overruled, and the Estate should be compelled to provide the information sought in this request.

### *Request No. 6*

> All documents relating to any assets transferred, devised, given, or provided to any trust, including the Trust, from Louis Gonzalez.
>
> Response: Defendant objects to this request as it was made outside of the discovery cutoff identified in this Court's scheduling order. Moreover, this

7

> request improperly seeks financial information in aid of execution, which is irrelevant and premature as no judgment has been entered in this case. *See e.g. Auto-Owners Ins. Co. v. Se. Floating Docks, Inc.*, 231 F.R.D. 426, 430 (M.D. Fla. 2005). Additionally, this request is not limited as to the requested timeframe and is therefore, overbroad. Finally, the request seeks information pertaining to other trusts and is therefore, irrelevant to the issues framed by the pleadings.

The Estate's boilerplate objections as to timeframe and breadth should be overruled because the Estate does not explain, with any degree of specificity, why it would be necessary to limit the request to a specific timeframe or why, as written, the request is overbroad. *See* L.R. 26.1(e)(2)(A); *Guzman*, 249 F.R.D. at 400; *Thermoset Corp.*, 2014 WL 6473232 at *3.

The Estate's objection as to relevance should overruled because it is incorrect. Under §733.707(3), Florida Statutes, any portion of *any* revocable trust to which Mr. Gonzalez was the grantor is liable for the obligations of the Estate, to the extent that the Estate has insufficient assets to satisfy its obligations. The information sought in this request is relevant and discoverable because it will assist in revealing whether there are any revocable trusts that are currently unknown to Plaintiff to which Mr. Gonzalez was the grantor. If there are any such trusts, they would be liable for the obligations of the Estate. The information sought in this request is relevant and discoverable for the additional reason that if there are any such trusts – and depending on when Mr. Gonzalez transferred, devised, gave, or provided assets to any such trust – those transactions might be fraudulent under Chapter 726, Florida Statutes.

The Estate's objections should be overruled, and the Estate should be compelled to provide the information sought in this request.

### *Request No. 7*

> All documents relating to any assets transferred, devised, given, or provided to the Trust from any source other than the Estate.

8

> Response: Defendant objects to this request as it was made outside of the discovery cutoff identified in this Court's scheduling order. Moreover, this request improperly seeks financial information in aid of execution, which is irrelevant and premature as no judgment has been entered in this case. *See e.g. Auto-Owners Ins. Co. v. Se. Floating Docks, Inc.*, 231 F.R.D. 426, 430 (M.D. Fla. 2005). Additionally, this request is not limited as to the requested timeframe and is therefore, overbroad. Finally, the request seeks information pertaining to other trusts and is therefore, irrelevant to the issues framed by the pleadings.

The Estate's boilerplate objections as to timeframe and breadth should be overruled because the Estate does not explain, with any degree of specificity, why it would be necessary to limit the request to a specific timeframe or why, as written, the request is overbroad. *See* L.R. 26.1(e)(2)(A); *Guzman*, 249 F.R.D. at 400; *Thermoset Corp.*, 2014 WL 6473232 at *3. The Estate's objection on the grounds of relevance – that "the request seeks information pertaining to other trusts" – appears to be the result of errant cutting and pasting because the request is expressly limited to the Trust. The Estate's objections should be overruled, and the Estate should be compelled to provide the information sought in this request.

### *Request No. 8*

> All financial records of the Trust dated on or after July 27, 2011, including, but not limited to, records of all assets, records of liabilities, records of any sums paid from the Trust to any individual or entity; accounting records and statements; records of the funding of the Trust; and accountings of the assets and liabilities of the Trust.
>
> Response: Defendant objects to this request as it was made outside of the discovery cutoff identified in this Court's scheduling order. Moreover, this request improperly seeks financial information in aid of execution, which is irrelevant and premature as no judgment has been entered in this case. *See e.g. Auto-Owners Ins. Co. v. Se. Floating Docks, Inc.*, 231 F.R.D. 426, 430 (M.D. Fla. 2005). Additionally, this request is improperly vague in that it requests all "accounting records and statements." This description does not allow Defendant to understand precisely what accounting records are being sought.

The Estate's objection is limited solely to the portion of the request seeking the production of "accounting records and statements." The Estate says it does not understand "precisely what accounting records are being sought." This is disingenuous because – as the objection, itself, concedes – the request quite clearly asks for "all" accounting records and statements. Thus, the Estate need not worry about which accounting records and statements are being sought because "all" of the accounting records and statements are being sought. The Estate's objections should be overruled, and the Estate should be compelled to provide the information sought in this request.

## III.  CONCLUSION

For these reasons, the Estate's objections should be overruled, and the Estate should be compelled to produce the information sought in the Request.

## CERTIFICATE OF COUNSEL

Counsel for Plaintiff conferred with counsel for the Estate regarding the Estate's position on the production of the information sought in the Request, but counsel for the parties were unable to reach agreement.

Dated:  March 14, 2017

Respectfully submitted,

HOLLAND & KNIGHT LLP

*/s/ Jesus E. Cuza*
Jesus E. Cuza
Florida Bar No. 428991
jesus.cuza@hklaw.com

*/s/ Scott D. Ponce*
Scott D. Ponce
Florida Bar No. 169528
scott.ponce@hklaw.com

*/s/ Anna Marie Gamez*
Anna Marie Gamez
Florida Bar No. 502911
annie.hernandezgamez@hklaw.com
701 Brickell Avenue, Suite 3300
Miami, Florida  33131
Tel: (305) 374-8500
Fax: (305) 789-7799

**CERTIFICATE OF SERVICE**

**I hereby certify** that on March 14, 2017, electronically filed the foregoing document via the CM/ECF filing system, which will send notice via electronic mail this day to: Matthew P. Leto, Esq., Hall, Lamb and Hall, P.A., 2665 South Bayshore Drive, PH1, Miami, Florida 33133, Email: mleto@hlhlawfirm.com, *Counsel for Defendants*.

By:   */s/ Anna Marie Gamez*
Anna Marie Gamez

#49599926_v1