# COMPOSITE EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

WILMINGTON TRUST, N.A.,            CASE NO. 15-23370-CIV-OTAZO-REYES
as Securities Intermediary,

Plaintiff,

vs.

ESTATE OF LOUIS O. GONZALEZ,
Successor in interest to the late Louis O. Gonzalez;
LISA RAMOS, LESLIE SMITH, and
LISSETTE NUNEZ,

    Defendants.
_____/

**NOTICE OF TAKING OF DEPOSITION**
**OF LESLIE SMITH**

PLEASE TAKE NOTICE that Plaintiff Wilmington Trust, N.A., in its capacity as Securities Intermediary ("Wilmington Trust")[1], hereby gives notice that it will take the following deposition at the law office of Holland & Knight, LLP, 701 Brickell Avenue, Suite 3300, Miami, Florida 33131, upon oral examination before an officer duly authorized to administer oaths:

    Deponent:    LESLIE SMITH

    Date:    July 10, 2018

    Time:    10:00 a.m.

The deposition will be recorded by stenographic means. The deposition is being taken for the purpose of discovery for use at trial and/or for such other purposes as are permitted under the applicable and governing rules.

---

[1] At all times Wilmington Trust acts solely as the Securities Intermediary for the benefit of White Eagle Asset Portfolio, LP ("White Eagle"), and does not act in its individual capacity. *See e.g.*, Fla. Stat. § 678.1021(1)(n)(2); NY UCC § 8-102(a)(14)(ii) (Compl., ¶16, Ex. 2).

Respectfully submitted,

HOLLAND & KNIGHT LLP

/s/ *Jesus E. Cuza*
Jesus E. Cuza
Florida Bar No. 428991
jesus.cuza@hklaw.com

/s/ *Scott D. Ponce*
Scott D. Ponce
Florida Bar No. 169528
scott.ponce@hklaw.com

/s/ *Anna Marie Gamez*
Anna Marie Gamez
Florida Bar No. 502911
annie.hernandezgamez@hklaw.com
701 Brickell Avenue, Suite 3300
Miami, Florida  33131
Tel: (305) 374-8500
Fax: (305) 789-7799

*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing document was served via electronic mail on this 25 day of May 2018 to:

Jeffrey W. Gutchess, Esquire
Brandon Rose, Esquire
Attorneys for Lisa Ramos, individually and
as Co-Personal Representative of the
Estate of Louis O. Gonzalez
AXS Law Group, PLLC
2121 NW 2nd Avenue, Suite 201
Miami, Florida 33127
jeff@axslawgroup.com
brandon@axslawgroup.com

                                                    /s/ *Jesus E. Cuza*
                                                      Jesus E. Cuza

#57829223_v1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

WILMINGTON TRUST, N.A.,            CASE NO. 15-23370-CIV-OTAZO-REYES
as Securities Intermediary,

Plaintiff,

vs.

ESTATE OF LOUIS O. GONZALEZ,
Successor in interest to the late Louis O. Gonzalez;
LISA RAMOS, LESLIE SMITH, and
LISSETTE NUNEZ,

    Defendants.
_____/

**NOTICE OF TAKING OF DEPOSITION**
**OF LISA RAMOS**

PLEASE TAKE NOTICE that Plaintiff Wilmington Trust, N.A., in its capacity as Securities Intermediary ("Wilmington Trust")[1], hereby gives notice that it will take the following deposition at the law office of Holland & Knight, LLP, 701 Brickell Avenue, Suite 3300, Miami, Florida 33131, upon oral examination before an officer duly authorized to administer oaths:

    Deponent:    LISA RAMOS

    Date:    June 6, 2018

    Time:    10:00 a.m.

The deposition will be recorded by stenographic means. The deposition is being taken for the purpose of discovery for use at trial and/or for such other purposes as are permitted under the applicable and governing rules.

---

[1] At all times Wilmington Trust acts solely as the Securities Intermediary for the benefit of White Eagle Asset Portfolio, LP ("White Eagle"), and does not act in its individual capacity. *See e.g.*, Fla. Stat. § 678.1021(1)(n)(2); NY UCC § 8-102(a)(14)(ii) (Compl., ¶16, Ex. 2).

Respectfully submitted,

HOLLAND & KNIGHT LLP

*/s/ Jesus E. Cuza*
Jesus E. Cuza
Florida Bar No. 428991
jesus.cuza@hklaw.com

*/s/ Scott D. Ponce*
Scott D. Ponce
Florida Bar No. 169528
scott.ponce@hklaw.com

*/s/ Anna Marie Gamez*
Anna Marie Gamez
Florida Bar No. 502911
annie.hernandezgamez@hklaw.com
701 Brickell Avenue, Suite 3300
Miami, Florida  33131
Tel: (305) 374-8500
Fax: (305) 789-7799

*Counsel for Plaintiff*

2

#57829314_v1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 15-23370-CIV-OTAZO-REYES

WILMINGTON TRUST, N.A.,
as Securities Intermediary,

Plaintiff,
vs.

ESTATE OF LOUIS O. GONZALEZ,
Successor in interest to the late Louis O. Gonzalez;
LISA RAMOS, LESLIE SMITH, and
LISSETTE NUNEZ,

    Defendants.
_____/

**NOTICE OF TAKING OF DEPOSITION
OF LISSETTE NUÑEZ**

PLEASE TAKE NOTICE that Plaintiff Wilmington Trust, N.A., in its capacity as Securities Intermediary ("Wilmington Trust")[1], hereby gives notice that it will take the following deposition at the law office of Holland & Knight, LLP, 701 Brickell Avenue, Suite 3300, Miami, Florida 33131, upon oral examination before an officer duly authorized to administer oaths:

    Deponent:    LISSETTE NUNEZ

    Date:    June 5, 2018

    Time:    10:00 a.m.

The deposition will be recorded by stenographic means. The deposition is being taken for the purpose of discovery for use at trial and/or for such other purposes as are permitted under the applicable and governing rules.

---

[1] At all times Wilmington Trust acts solely as the Securities Intermediary for the benefit of White Eagle Asset Portfolio, LP ("White Eagle"), and does not act in its individual capacity. *See e.g.*, Fla. Stat. § 678.1021(1)(n)(2); NY UCC § 8-102(a)(14)(ii) (Compl., ¶16, Ex. 2).

2

Respectfully submitted,

HOLLAND & KNIGHT LLP

/s/ *Jesus E. Cuza*
Jesus E. Cuza
Florida Bar No. 428991
jesus.cuza@hklaw.com

/s/ *Scott D. Ponce*
Scott D. Ponce
Florida Bar No. 169528
scott.ponce@hklaw.com

/s/ *Anna Marie Gamez*
Anna Marie Gamez
Florida Bar No. 502911
annie.hernandezgamez@hklaw.com
701 Brickell Avenue, Suite 3300
Miami, Florida  33131
Tel: (305) 374-8500
Fax: (305) 789-7799

*Counsel for Plaintiff*

2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 15-23370-CIV-OTAZO-REYES

WILMINGTON TRUST, N.A.,
as Securities Intermediary,

Plaintiff,
vs.

ESTATE OF LOUIS O. GONZALEZ,
Successor in interest to the late Louis O. Gonzalez;
LISA RAMOS, LESLIE SMITH, and
LISSETTE NUNEZ,

    Defendants.
_____/

## NOTICE OF SUBPOENA

PLEASE TAKE NOTICE, pursuant to Rule 45(a)(4), Federal Rules of Civil Procedure, that Plaintiff Wilmington Trust, N.A., in its capacity as Securities Intermediary ("Wilmington Trust")[1], intends to serve the attached Subpoena on May 25, 2018 or as soon thereafter as service may be effectuated upon the following:

    Miguel Alvarez, CPA
    1300 SW 67 Avenue
    Miami, FL  33144

Dated May 25, 2018                                   Respectfully submitted,

                                                                       HOLLAND & KNIGHT LLP

                                                                       */s/ Jesus E. Cuza*
                                                                       Jesus E. Cuza
                                                                       Florida Bar No. 428991
                                                                       jesus.cuza@hklaw.com

---

[1] At all times Wilmington Trust acts solely as the Securities Intermediary for the benefit of White Eagle Asset Portfolio, LP ("White Eagle"), and does not act in its individual capacity.  *See e.g.*, Fla. Stat. § 678.1021(1)(n)(2); NY UCC § 8-102(a)(14)(ii) (Compl., ¶16, Ex. 2).

/s/ *Scott D. Ponce*
Scott D. Ponce
Florida Bar No. 169528
scott.ponce@hklaw.com

/s/ *Anna Marie Gamez*
Anna Marie Gamez
Florida Bar No. 502911
annie.hernandezgamez@hklaw.com
701 Brickell Avenue, Suite 3300
Miami, Florida 33131
Tel: (305) 374-8500
Fax: (305) 789-7799

*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing document was served via electronic mail on this 25 day of May 2018 to:

Jeffrey W. Gutchess, Esquire
Brandon Rose, Esquire
Attorneys for Lisa Ramos, individually and
as Co-Personal Representative of the
Estate of Louis O. Gonzalez
AXS Law Group, PLLC
2121 NW 2nd Avenue, Suite 201
Miami, Florida 33127
jeff@axslawgroup.com
brandon@axslawgroup.com

*Counsel for Defendants*

/s/ *Jesus E. Cuza*
Jesus E. Cuza

2

#57874343_v1

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| | | |
|---|---|---|
| WILMINGTON TRUST, N.A. | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 15-23370-CIV-OTAZO-REYES |
| ESTATE OF LOUIS O. GONZALEZ, et al. | ) | |
| | ) | |
| *Defendant* | ) | |

### SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To: Miguel Alvarez, CPA
1300 SW 67th Avenue, Miami, FL 33144

*(Name of person to whom this subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: | Holland & Knight, LLP<br>701 Brickell Avenue, Suite 3300<br>Miami, FL. 33131 | Date and Time:<br>06/13/2018 10:00 am |
|---|---|---|

The deposition will be recorded by this method: Stenograph

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material: Please see Exhibit A

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 05/25/2018

CLERK OF COURT

OR

_____     /s/ Jesus E. Cuza
*Signature of Clerk or Deputy Clerk*     *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* WILMINGTON TRUST, N.A. , who issues or requests this subpoena, are:

Jesus E. Cuza, Holland & Knight, LLP, 701 Brickell Avenue, Suite 3300, Miami, Florida 33131.

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A  (Rev.  02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. 15-23370-CIV-OTAZO-REYES

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____
on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____
_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A  (Rev.  02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# **EXHIBIT A**

1. All documents relating to any asset and/or account owned by Mr. Louis Gonzalez or Mrs. Iris Gonzalez, including but not limited to bank account statements, checks, investment account statements, financial statements, tax returns, real property records, wire transfers, deposits, distributions or contributions, from January 1, 2012 through the present.

2. All documents relating to any entity, partnership, trust or the like in which Mr. Louis Gonzalez or Mrs. Iris Gonzalez had an ownership interest, was a beneficiary, was a trustee, was a settlor, was an officer or was part of the management or decision-making team, including but not limited to corporate organizational documents, shareholder certificates, transfer documents, bank account statements, investment account statements, financial statements, tax returns, real property records, wire transfers, deposits, distributions or contributions, from January 1, 2012 through the present.  The objective is for you to please identify and produce in this court proceeding an all-inclusive list of all documents relating to anything that directly or indirectly relates to Mr. and/or Mrs. Gonzalez, including but not limited to, all transactions between Mr. and/or Mrs. Gonzalez (or any of their entities, trusts or estates) and Mr. and Mrs. Gonzalez's daughters (or any of their entities or trusts) from January 1, 2012 through the present.

3. All documents relating to any asset and/or account owned by the Louis O Gonzalez Intervivos Revocable Trust DTD 4/8/2002, including but not limited to bank account statements, checks, financial statements, tax returns, real property records, wire transfers, deposits, distributions or contributions, from January 1, 2012 through the present.

4. All documents relating to any entity in which the Louis O Gonzalez Intervivos Revocable Trust DTD 4/8/2002 had an ownership interest or was a beneficiary, including but not limited to to corporate organizational documents, shareholder certificates, transfer documents, bank account statements, investment account statements, financial statements, tax returns, real property records, wire transfers, deposits, distributions or contributions, from January 1, 2012 through the present.

5. All documents relating to any asset and/or account owned by the Iris J Gonzalez Intervivos Revocable Trust, including but not limited to bank account statements, checks, financial statements, tax returns, real property records, wire transfers, deposits, distributions or contributions, from January 1, 2012 through the present.

6. All documents relating to any entity in which the Iris J Gonzalez Intervivos Revocable Trust had an ownership interest or was a beneficiary, including but not limited to to corporate organizational documents, shareholder certificates, transfer documents, bank account statements, investment account statements, financial statements, tax returns, real property records, wire transfers, deposits, distributions or contributions, from January 1, 2012 through the present.

7. All documents that show or reflect any asset or business operation or entity owned directly or indirectly by any of the following from January 1, 2012 through the present:  (1) Mr. or Mrs. Gonzalez, or (2) any entity, partnership, trust or the like which was owned directly or

indirectly by Mr. or Mrs. Gonzalez or was financed directly or indirectly by Mr. or Mrs. Gonzalez or any entity, partnership, trust or the like owned directly or indirectly by Mr. or Mrs. Gonzalez.  The objective is for you to please identify and produce in this court proceeding an all-inclusive list of all documents relating to anything that directly or indirectly relates to Mr. and/or Mrs. Gonzalez, including but not limited to, all transactions between Mr. or Mrs. Gonzalez (or any of their entities, trust or estates) and Mr. and Mrs. Gonzalez's daughters (or any of their entities or trusts) from January 1, 2012 through the present.

8. Produce a copy of all files and working papers that relate to any of the topics mentioned in this Exhibit A.